IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEVONTE B. HARRIS,

    Plaintiff,                    No. 2:09-cv-1523 LKK AC P

    vs.

L. ZAMUDIO, et al.,

    Defendants.          <u>ORDER</u>

         Plaintiff has filed a request for reconsideration of the district court's order, filed on September 21, 2012. By that order, the court denied defendants' motion to dismiss as to three of the defendants but granted the motion as to defendant Zamudio.[1] Plaintiff contends that the court erred in dismissing defendant Zamudio for plaintiff's failure to exhaust administrative remedies.

### I. STANDARD FOR A MOTION FOR RECONSIDERATION

         Federal Rule of Civil Procedure 60(b) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" in the case of mistake or excusable neglect, newly discovered evidence, fraud, a judgment that is void, satisfaction of

---

[1] Plaintiff, in a separate motion (Doc. No. 51), also took issue with the magistrate judge's denial of an extension of time for plaintiff to file his motion for reconsideration. As the court herein addresses plaintiff's reconsideration motion, that request is denied as moot.

the judgment, or for "(6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). This catch-all provision of Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (1949). Rule 60(b) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing 11 Wright & Miller Federal Practice & Procedure § 2851 (2d ed. 1995)). Nonetheless, in order to seek relief under Rule 60(b)(6), the movant must demonstrate "extraordinary circumstances." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (quoting Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

In addition, Local Rule 230(j) applies to motions for reconsideration filed in the Eastern District. That rule requires the movant to brief the court on, inter alia, "what new or different facts or circumstances . . . were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

## II.  ANALYSIS

The May 24, 2011 findings and recommendations thoroughly addressed the question of whether plaintiff had administratively exhausted his claim against defendant Zamudio. See Doc. No. 44. Upon de novo review and consideration of plaintiff's objections (Doc. No. 46), this court rejected the magistrate judge's finding that plaintiff's ability to file an unrelated administrative appeal while housed in administrative segregation undercut his assertion of an inability to file the third level appeal as to defendant Zamudio. See Doc. No. 48. Nevertheless, this court agreed with the magistrate judge's determination that plaintiff had failed to exhaust his administrative remedies as to defendant Zamudio.

////

////

1    In his reconsideration motion (Doc. No. 52), plaintiff restates arguments that he
2 previously raised in his opposition and/or his objections. No new or different material facts are
3 presented. Neither plaintiff's representation that he received delayed notice of the second level
4 response, nor the changed regulatory language cited in the motion for reconsideration, casts doubt
5 on the conclusion that plaintiff had an opportunity to timely file a third level appeal and failed to
6 do so. Even if the third level appeal was not due until December 13, 2005, as plaintiff argues, it
7 remains the case that his appeal was written by November 23, 2005, he was not placed in
8 administrative segregation until December 4, 2005, and the appeal was not filed until May of
9 2006.

10    Therefore, IT IS HEREBY ORDERED that:

11    1. Upon reconsideration (Doc. No. 52), this court's order of September 21, 2012
12 (Doc. No. 48) is affirmed; and

13    2. Plaintiff's motion for reconsideration of the magistrate judge's denial of
14 plaintiff's request for extension of time, filed on October 24, 2012 (Doc. No. 51), is denied as
15 moot.

16 DATED: February 7, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3