UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. ZAMUDIO, et al.,<br><br>　　　　　Defendants. | No. 2:09-cv-01523 TLN AC P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. This case proceeds on plaintiff's second amended complaint (ECF No. 19), and a jury trial is currently set to begin on June 8, 2015 (ECF No. 80). Currently before the court are defendants' motion to dismiss (ECF No. 93) and plaintiff's motions for the appointment of experts (ECF No, 96), leave to file a third amended complaint (ECF No. 97), and appointment of counsel (ECF No. 98).

I.　　Defendants' Motion to Dismiss

　　　　On March 4, 2015, this court granted plaintiff's request for additional time to file a pretrial statement and extended his deadline to March 13, 2015. ECF No. 92. On March 17, 2015, defendants moved to dismiss the complaint, arguing that because plaintiff had not filed his pretrial statement, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order. ECF No. 93. On March

1

1    18, 2015, the Clerk of the Court filed plaintiff's pretrial statement.

2    Although briefing on the motion to dismiss is not complete, the court finds that further
3    briefing is not necessary to a fair adjudication of the motion.  Though plaintiff failed to provide a
4    certificate of service, his pretrial statement is dated and signed March 12, 2015.  ECF No. 95.
5    Since plaintiff's pretrial statement was submitted pro se, he is afforded the benefit of the prison
6    mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Under the prison mailbox rule,
7    the date plaintiff signed the pretrial statement will be considered his filing date absent evidence to
8    the contrary.  See Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003) (date petition is
9    signed may be considered earliest possible date an inmate could submit his petition to prison
10   authorities for filing under the mailbox rule).  Plaintiff's pretrial statement was therefore timely
11   filed.  Moreover, even if plaintiff's pretrial statement was submitted to prison officials after
12   March 13, 2015, the court does not find the delay to be sufficient to warrant dismissal of the case
13   and will deem the pretrial statement timely filed.  Defendants' motion to dismiss is therefore
14   denied.

15   II.    Plaintiff's Motion to Appoint Expert Witnesses

16   Plaintiff moves for an appointment of independent expert witnesses pursuant to Federal
17   Rule of Evidence 706.  ECF No. 96.  Plaintiff asserts that he requires impartial medical and
18   mental health experts because the issue that will be before the jury is whether he suffered physical
19   and psychological injury as a result of the denial of outdoor exercise and defendants will have
20   their own expert witnesses to testify.  Id.

21   Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with
22   expenses shared by the parties.  The appointment of an independent expert witness pursuant to
23   Rule 706 is within the court's discretion, Walker v. Am. Home Shield Long Term Disability Plan,
24   180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other
25   specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in
26   issue," Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).  However, the statute
27   authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds
28   for expert witnesses.  See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir.

1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation, including witnesses. Tedder, supra, 890 F.2d at 211 (in forma pauperis statute, 28 U.S.C. § 1915, does not authorize waiver of fees or expenses for an indigent's witnesses). Plaintiff's request for appointment of independent medical and mental health experts pursuant to Federal Rule of Evidence 706 will therefore be denied.

However, plaintiff's request is reasonably construed as a request for appointment of a medical expert on plaintiff's behalf. In contrast to the procedures under Federal Rule of Evidence 706, the expenses of an expert retained on behalf of a prisoner litigant may be recovered if preauthorized and arranged by counsel appointed by this court's Pro Bono Panel.

One of the issues that will be before the jury is whether the deprivation of outdoor exercise was objectively serious for Eighth Amendment purposes. ECF No. 76. Expert opinions will be required to address material issues in this case, particularly the extent to which the deprivation of outdoor exercise impacted plaintiff's physical and mental health.

There are issues that cannot be resolved by a jury without expert opinion. This conclusion is reinforced by defendants' identification of two medical expert witnesses for trial. ECF No. 90 at 7. Therefore, the court will provide an opportunity for submission of expert medical and mental health assessments on plaintiff's behalf. For this reason, and for the reasons set forth below, the court will direct the appointment of pro bono counsel, who may choose to retain expert medical and mental health witnesses on plaintiff's behalf.

III.   Plaintiff's Motion for Leave to File a Third Amended Complaint

Plaintiff has moved for leave to file a third amended complaint. ECF No. 97. In light of the appointment of counsel, plaintiff's motion will be denied without prejudice. Once counsel have appeared, they may move for leave to amend if they feel it appropriate. Any such motion should include a copy of the proposed amended complaint and keep in mind the factors considered by the court when deciding a motion for leave to amend. See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) ("Five factors are frequently used to assess the propriety

1 of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party,
2 (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.")

For this reason, plaintiff's motion to amend is denied without prejudice.

IV.    Plaintiff's Motion for Appointment of Counsel

In addition to requesting appointment of an expert witness, plaintiff requests appointment of counsel. ECF No. 98. Plaintiff asserts that the evidentiary issues in the case are complex and include testimony from expert medical witnesses. Id. at 2.

Plaintiff previously requested appointment of counsel in the present action, which the court denied without prejudice, pursuant to a finding that this case failed to present the requisite "exceptional circumstances" warranting such appointment. See ECF Nos. 24, 84. The court now finds that plaintiff has met his burden of demonstrating exceptional circumstances warranting appointment of counsel. As discussed above, the opinion of medical and mental health experts on plaintiff's behalf may be beneficial to ensure the jury's balanced assessment of this case at trial, and such expert can reasonably be obtained only by appointment of pro bono counsel. In addition, the court finds that plaintiff's limited education and legal skills significantly impair his ability to represent himself at this stage of the litigation, given the complex medical and legal issues presented. While the court is unable, at this time, to assess plaintiff's likelihood of success on the merits of his claims, it does not appear that plaintiff's claims are patently unmeritorious.

For these reasons, plaintiff's motion for appointment of counsel is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 93) is denied.

2. Plaintiff's motion for medical and mental health experts (ECF No. 96) is denied.

3. Plaintiff's motion for leave to file a third amended complaint (ECF No. 97) is denied.

4. Plaintiff's motion for the appointment of counsel (ECF No. 98) is granted. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment, for the purpose of pursuing this action on plaintiff's behalf through pretrial and trial, including potentially retaining a medical and/or mental health expert(s) on plaintiff's behalf.

    5.  Within thirty days of appearance in this case, counsel for plaintiff may file an amended pretrial statement.

    6.  The jury trial set for June 8, 2015, at 9:00 a.m. (ECF No. 80) is hereby vacated and re-set for jury trial before the Honorable Troy L. Nunley on January 11, 2016, at 9:00 a.m. in Courtroom #2.

DATED: April 2, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE