UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEVONTE B. HARRIS,

    Plaintiff,

v.

L. ZAMUDIO, et al.,

    Defendant.

No. 2:09-cv-1523 TLN AC P

ORDER

Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' motion for sanctions, which was heard on March 9, 2016. ECF Nos. 114, 126.

I.     <u>Procedural Background</u>

By order filed April 3, 2015, plaintiff's motion for appointment of counsel was granted and counsel was appointed shortly thereafter. ECF Nos. 100, 102. On July 9, 2015, the parties filed a stipulation to re-open discovery that included proposed deadlines. ECF No. 105. The stipulation was granted and discovery was re-opened. ECF No. 107. Discovery was to be completed and all discovery motions noticed for hearing by November 15, 2015. <u>Id.</u> Upon stipulation of the parties, the court extended the deadline to complete discovery and notice discovery motions for hearing to January 15, 2016. ECF No. 111. Defendants served discovery requests on plaintiff's counsel by mail on December 11, 2015 (ECF No. 116-6), making the

1

deadline for plaintiff to respond January 13, 2016.  On January 13, 2016, the parties filed another stipulation to extend discovery deadlines.  ECF No. 112.  On the parties' stipulation, the court ordered that plaintiff's initial disclosures were to be served by January 29, 2016; the deadline to depose defendant Walker and any witnesses identified in plaintiff's initial disclosure was extended to February 19, 2016; and the deadline for discovery motions to was extended to February 29, 2016.  ECF No. 113.  The pretrial and trial deadlines remained unchanged.  Id.

The pretrial conference, to be conducted on the file only, is currently set for May 20, 2016, before the undersigned.  ECF No. 108.  Trial is scheduled to begin October 17, 2016, at 9:00 a.m. in Courtroom #2 before the Honorable Troy L. Nunley.  Id.

II.     Meet and Confer

Local Rule 251(b) establishes requirements for any party bringing a motion pursuant to Federal Rules of Civil Procedure 26 through 37, including the requirement that the parties confer and file a joint discovery statement.  In this case, the parties did not file a joint discovery statement.  The parties are exempt from filing a joint statement "(1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions."  L.R. 251(e).  Because the only relief sought by defendants was the imposition of sanctions, the parties were not required to file a joint discovery statement.  ECF No. 114 at 1.  They were, however, required to confer prior to bringing a discovery dispute to the court.

Defendants have provided evidence of e-mail communications between counsel as evidence that the parties conferred and were unable to come to an agreement without court intervention.  ECF Nos. 116-1, 116-7, 116-8.  The standard information regarding case management procedures for the undersigned, available on the court's website,[1] explicitly states that email communication "is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b)" and that "parties must **confer in person or via telephone or video conferencing**."  (Emphasis in original).  There is no evidence that counsel for the parties

---

[1] http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/.

conferred in person or via telephone or video conferencing. However, in this instance, the court will consider the motion despite the fact that the parties conferred only via e-mail. In the future, the court will require compliance with case management procedures regarding discovery disputes.

III.     Motion for Sanctions

Defendants allege that plaintiff has failed to provide initial disclosures or responses to their discovery requests, and move for sanctions in the form of their costs in bringing the motion and preclusion of evidence at trial. ECF No. 115.

Plaintiff has admitted that as of the date of his response to the motion for sanctions he had not produced any responses or objections to defendants' discovery requests, nor had he provided initial disclosures. ECF No. 117 at 6. He argues that sanctions are nonetheless inappropriate because he did not refuse to provide responses to the discovery requests, but was delayed in responding as a consequence of his incarceration. Id. Counsel for plaintiff further asserts that he continuously promised defendants that he would provide his client's responses once they were received. Id. at 8. According to the response, counsel finally received plaintiff's responses on March 1, 2016, and intended to serve them on defendants' counsel on or before March 5, 2016. Id. at 6. At the hearing, plaintiff's counsel confirmed that he had served the disclosures and discovery responses on defendants by mail on March 5, 2016, and that they had an expected delivery date of March 10, 2016.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c) "gives teeth" to the requirements of Rule 26(a) so courts are given a particularly wide latitude to issue sanctions under Rule 37(c)(1). Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its discretion in excluding testimony of defendant's only damages expert as a sanction). Generally, the exclusion penalty is "self-executing" and "automatic." Hoffman v. Construction Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) (noting Rule 37(c)(1)'s exclusion sanction provides a strong inducement for disclosure of material and affirming district court's preclusion

3

of undisclosed damages evidence). In addition to or instead of exclusionary sanctions, the court, on motion and after giving an opportunity to be heard, "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."[2] Fed. R. Civ. P. 37(c)(1)(C). Similarly, under Rule 37(d)(1)(A)(ii) the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." The sanctions may include those listed in Rule 37(b)(2)(A)(i)-(vi) and the court may instead of or in addition to those sanctions require the party that failed to respond, his attorney, or both to pay the reasonable expenses of the moving party.

While the court understands the difficulties of representing a client who is incarcerated, plaintiff's incarceration does nothing to justify counsel's failure to obtain extensions of his deadlines, either through stipulation or by motion to the court, prior to their expiration. However, at the hearing, the court proposed granting defendants additional time to conduct depositions and to file a further motion to compel, if necessary, based on the discovery served on March 5, 2016. Counsel for defendants acknowledged that defendants would not be prejudiced if they were given this additional time so long as they are left with sufficient time to seek leave to file a second motion for summary judgment. The court will therefore afford defendants an opportunity to conduct depositions and file discovery motions based on the discovery served March 5, 2016. Should defendants determine that a motion to compel further discovery or disclosures is necessary, they are encouraged to make use of the undersigned's procedure for resolving discovery disputes by means of an informal telephonic conference.[3] Defendants are reminded

---

[2] The possible sanctions outlined in Rule 37(b)(2)(A) are as follows: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

[3] The procedure for utilizing the informal process is available on the court's website as part of the undersigned's case management procedures.

that whether they choose to pursue formal or informal means for resolving any potential discovery disputes, they must confer with plaintiff's counsel in person or via telephone or video conferencing or their motion will be denied.

Given the alternative proposed by the court and the resulting lack of prejudice to defendants, the court finds that exclusionary sanctions are not warranted at this time. With respect to the request for monetary sanctions, while the court does not find the failure to timely provide disclosures and discovery responses substantially justified, for the reasons set forth at the hearing, the court finds that imposition of monetary sanctions against plaintiff and his counsel would be unjust. The court therefore declines to grant the request for monetary sanctions.

For the reasons set forth above, the court will deny the motion for sanctions and instead extend defendants time for conducting depositions and bringing discovery motions based on the disclosures and discovery served on March 5, 2016. The pretrial conference deadlines shall also be adjusted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for sanctions (ECF No. 114) is denied.

2. Defendants shall have until March 24, 2016, to either contact the court to schedule an informal telephonic conference or file a discovery motion if they find plaintiff's disclosures and discovery responses served March 5, 2016, to be deficient. If defendants choose to file a motion rather than schedule an informal telephonic conference, the motion shall be heard no later than April 27, 2016.

3. Defendants shall have until April 11, 2016, to depose any witnesses identified in plaintiff's disclosures and discovery responses served March 5, 2016.

4. The pretrial conference set for May 20, 2016, is vacated and re-set for June 20, 2016. The pretrial conference shall be conducted on the file only, without appearance by either party. Fourteen days before the date scheduled for the conference, plaintiff shall file the statement required by Local Rule 281. Seven days before the conference, defendants shall file their statement pursuant to the same rule. In addition to the material required by Local Rule 281, either party may submit any suggestions it may have concerning the matters set forth in Local Rule 282.

5.  The jury trial in this matter remains set for October 17, 2016, at 9:00 a.m. in Courtroom #2 before the Honorable Troy L. Nunley.

DATED: March 10, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE